**COPPERSMITH BROCKELMAN PLC**
Jill J. Chasson (019424)
*jchasson@cblawyers.com*
Austin Yost (34602)
*ayost@cblawyers.com*
2800 N. Central Ave., Suite 1900
Phoenix, AZ 85004
Phone: 602.381.5481

Additional Counsel Listed in
Signature Block

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

USI Insurance Services, LLC, a Delaware limited liability company,

Plaintiff,

v.

Alliant Insurance Services, Inc., et al.,

Defendants.

No. 2:23-cv-00192-PHX-SMB

**DEFENDANTS' MOTION IN LIMINE NO. 2 - UNPLED AND DISMISSED CLAIMS**

Defendants Alliant Insurance Services, Inc., William Havard, Robert Engles, Jenise Purser, and Justin Walsh (collectively, "Defendants") move this Court for an order *in limine* as follows: Plaintiff, its counsel, and any witnesses are hereby ordered to refrain from referring to, questioning about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence any allegations, facts underlying, documents, pleadings, exhibits, or written or oral testimony or any reference or inference to any unpled claim based on the breach of any confidentiality obligation or any dismissed claim related to Individual Defendants' acceptance of business from or servicing of any client at Alliant; provided, however, that nothing forecloses the parties from relying on any relevant and admissible evidence to prove or disprove any remaining claims, including to establish or disprove whether clients were solicited by the Individual Defendants to join Alliant.[1]

## ARGUMENT AND AUTHORITY

On April 23, 2025, the Court entered a summary judgment order that held that "USI did not plead a breach of contract claim based on breach of the confidentiality provisions" and that the non-service, non-accept provisions (the "Non-Service Provision") "unreasonably harms the public, and [is] thus unenforceable." Doc 332 at 22-24, 27. The Court also dismissed USI's aiding and abetting claim against Alliant. *Id*. at 32. Generally speaking, the summary judgment order limited the scope of remaining claims to causation and damages for the failure of Havard and Engles to give 60 days' advance notice, claims concerning Individual Defendants' alleged solicitation of clients and employees, and Defendants' alleged interference with USI's contracts and relationships. *Id*. at 5-8, 11-22, 24-27, 33-35. Trial will not concern any alleged breach of contract for violating duties of confidentiality or for violating the Non-Service Provision.

---

[1] Defendants and USI have agreed to exclude from this MIL any evidence, testimony, and argument related to Havard's and Engles' servicing of client accounts during the 60-day period following their resignations from USI on January 24 and 25, 2023, respectively.

Notwithstanding, USI continues in its efforts to prejudice Defendants by introducing the following irrelevant and prejudicial evidence, testimony, and argument that concerns a claim based on confidentiality provisions that USI never pled, as reflected in Ex. 1, Summary of Pleadings, Testimony, and Evidence to Exclude:

1. Emails and testimony regarding Lori Hartman emailing an expiration list to Havard, Walsh, and Purser on January 24, 2023.
2. Emails and testimony regarding Havard emailing certain documents to Charles (Chuck) McDaniel related to his employment agreement.
3. Testimony regarding Havard uploading information to cloud storage accounts.
4. Testimony regarding Individual Defendants' understanding of what information qualifies as "Confidential Information" under their Agreements.
5. Individual Defendants uploading and alleged downloading documents via ShareFile.

Evidence, testimony, and argument concerning the alleged use, disclosure, or understanding of USI's purported confidential information have no bearing on USI's remaining claims against Defendants, particularly when the Court held on summary judgment that "USI did not plead a breach of contract claim based on breach of the confidentiality provisions" and when USI's remaining claims do not require USI to establish that any information is in fact "confidential." USI's remaining claims concern causation and any damages arising from Havard's and Engles' failure to give 60 days' notice, whether Individual Defendants breached any covenant prohibiting the solicitation of clients or employees, and whether Defendants tortiously interfered with any contract or relationship, not whether any information used or disclosed is confidential. Moreover, USI's characterization of information allegedly used or disclosed by Defendants as "confidential" would impermissibly, inappropriately, and unnecessarily brand Defendants as bad actors for the sole purpose of inflaming the jury, leading to time-consuming mini-trials in which Defendants would show that (i) the information USI accuses Individual Defendants of using or disclosing is not confidential, (ii) that Individual Defendants did

not actually use or disclose such confidential information, and (iii) that USI has no damages stemming from any alleged use or disclosure of confidential information.

Pursuant to Federal Rules of Evidence 401, 402, and 403, the Court should exclude such an overt effort to unduly prejudice Defendants based on evidence, testimony, and argument that relates solely to a claim that USI never pled. *See, e.g.*, *Diggs v. Guynup*, 621 F. Supp. 3d 315, 325 (N.D.N.Y. 2022) (granting motion in limine and agreeing that "evidence relating solely to previously dismissed claims is irrelevant to the issues remaining for trial and is therefore inadmissible"); *Hannah v. Wal-Mart Stores, Inc.*, 3:12-CV-01361 (VAB), 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) (collecting cases and stating that "[w]here claims have been dismissed on summary judgment, therefore, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial"); *Ledford v. Lamartz*, 462 F. Supp. 3d 905, 909 (N.D. Ind. 2020) ("[A]llowing the introduction of evidence relating to dismissed claims would needlessly burden the trial proceedings with delays and inefficiency because of the necessity of 'mini trials' on each dismissed claim.").

The Court should also exclude evidence, testimony, and arguments relevant only to USI's dismissed claims based on the Non-Service Provision in the Agreements, subject to the limitation above. In preparing for trial, USI has made clear that it intends to introduce a huge amount of evidence, testimony, and argument concerning Individual Defendants' servicing of clients at Alliant, as detailed in Exhibit 1. However, any servicing by Individual Defendants that occurred ***after*** a client was lawfully solicited by Californian Eric Harper or another Alliant employee owing USI no obligations, or after a client voluntarily decided to transition its business to Alliant, has no bearing on whether Individual Defendants solicited such client. Defendants respectfully request the Court grant Motion in Limine No. 2.

Dated: June 13, 2025

Respectfully submitted,

**COPPERSMITH BROCKELMAN PLC**

By: */s/ Jill J. Chasson*
Jill J. Chasson
Austin Yost

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Seth M. Gerber*

Debra L. Fischer
debra.fischer@morganlewis.com
Seth M. Gerber
seth.gerber@morganlewis.com
Adam E. Wagmeister
adam.wagmeister@morganlewis.com
*Admitted Pro Hac Vice*
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Phone: 310.907.1000

Timothy J. Stephens
timothy.stephens@morganlewis.com
*Admitted Pro Hac Vice*
101 Park Ave.
New York, NY 10178-0060
Phone: 212.309.6805

John P. Bramble
john.bramble@morganlewis.com
*Admitted Pro Hac Vice*
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Phone: 713-890-5785

*Attorneys for Defendants*