**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| USI Insurance Services LLC, | No. CV-23-00192-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Alliant Insurance Services Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff USI Insurance Services, LLC's ("USI") Motion for Leave to Amend First Amended Complaint (Doc. 336). The parties have fully briefed the pending Motion. (*See* Doc. 338 (Defendants' Response); Doc. 342 (USI's Reply); *see also* Doc. 337 (USI's Notice of Errata); Doc. 339 (Defendants' Declaration of Seth Gerber in Support of Response).) For the following reasons, the Court will **grant** USI leave to amend.

**I. BACKGROUND**

This case concerns Defendants William Havard, Robert Engles, Jenise Purser, and Justin Walsh (the "Individual Defendants"), and other non-parties, leaving their employment with USI to join Defendant Alliant Insurance Services Inc ("Alliant") (collectively, the "Defendants"). On January 23, 2023, USI filed its original Complaint (the "Original Complaint") against Defendants Alliant, Havard, and Engles, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, breach of the duty of loyalty, tortious interference with contract, and aiding abetting breach of the

1  duty of loyalty.  (*See generally* Doc. 1.)  That same day, USI sought a temporary restraining order and preliminary injunction to enjoin and restrain Defendants Havard and Engles from breaching the restrictive covenants in their employment agreements, including preventing use and disclosure of USI's confidential information.  (Doc. 2 at 2.)  Defendants Alliant, Havard, and Engles faulted USI for seeking an injunction based on an alleged further breach of confidentiality provisions and argued "USI [did] not actually allege that Havard of Engles breached their obligations under the confidentiality provisions in their employment agreements." (Doc. 18 at 6.)

Defendants Alliant, Havard, and Engles thereafter moved to dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6).  (*See generally* Doc. 36.)  They again faulted USI for not alleging a breach of contract claim premised on the confidentiality restrictive covenants in Havard and Engles employment agreements.  (*Id.* at 4 ("Nothing is alleged in the breach of contract claim about violating the confidentiality covenant . . . .").)  USI proceeded to file its operative First Amended Complaint ("FAC"), mooting the then-pending Rule 12(b)(6) motion.  (Doc. 52 (USI's FAC); *see also* Doc. 78 (dismissing the motion as moot).)  There, USI reasserted many of the same claims but added Defendants Purser and Walsh.  (*Compare* Doc. 52 ¶¶ 33, 44, 55, 64, 91–92, *with* Doc. 1 ¶¶ 26, 37, 59.)

The Defendants moved to dismiss the FAC under Rule 12(b)(6), claiming, in relevant part, USI failed to allege facts to support the breach of contract claim based on alleged violations of the confidentiality provisions.  (Doc. 76 at 2, 7–8.)  The Defendants argued the only relevant factual allegation to support that Havard breached the confidentiality provision related to an email containing a copy of a list of clients that Lori Hartman, a non-party and former USI employee, had sent to him and others the day before he resigned, but there were no allegations that Havard actually accessed that document or that the information contained in it was confidential or transmitted outside of USI.  (*Id.*; *see also* Doc. 52 ¶ 75.)  In turn, USI argued this allegation was sufficient to infer that Havard breached the confidentiality covenant.  (Doc. 90 at 7.)  The Defendants did not

address the issue in their reply. (*See generally* Doc. 91.) The Court denied the Defendants' motion to dismiss in the FAC but did not discuss whether USI adequately pleaded that Havard breached the confidentiality restrictive covenant. (Doc. 154 at 10–12.) Rather, the Court found USI adequately pleaded a breach of contract claim based on breaches of the restrictive covenants generally. (*But see id.* at 10 ("These claims are based on the 60-day notice requirement, the non-solicitation, and the non-acceptance/non-service agreements . . . .").)

While the Rule 12(b)(6) motion remained pending, the parties engaged in discovery in preparation for the preliminary injunction hearing. The Defendants "repeatedly sought testimony and information regarding USI's contention that the individual defendants improperly acquired, used, or disclosed any USI confidential information." (Doc. 94 at 2.) During a discovery dispute, the Defendants' counsel represented one of the primary issues was USI's "allegations that the defendants stole confidential information. (Doc. 337-1 at 88.) The Defendants' deposition notices and interrogatories frequently referenced evidence related to the alleged misuse of confidential information or breach of confidentiality obligations. (*See* Doc. 94-1 at 6, 9–10, 50–52, 55–63; Doc. 337-1 at 107–08.) The Defendants' counsel also questioned USI's corporate representative about the allegations of improper use or disclosure of USI's confidential information. (*See* Doc. 337-1 at 94–105.) At the preliminary injunction hearing, the Defendants' counsel specifically addressed the "alleged breach of confidentiality." (*See id.* at 130.) The Court ultimately denied issuance of a preliminary injunction but did not address the alleged breach of the confidentiality provision. (*See* Doc. 111 at 10–14.)

The parties continued to conduct discovery throughout the merits phase of the litigation. Once again, the Defendants sought discovery related to breach or misuse of confidential information, including requests for production, interrogatories, and deposition testimony. (Doc. 337-1 at 135–42, 144–50, 153–57, 159–66.) After the close of discovery, both parties moved for summary judgment on all claims. (*See* Doc. 238 (The Defendants' Motion for Summary Judgment); Doc. 245 (USI's Motion for Summary Judgment).) The

Defendants renewed its arguments that USI failed to plead a breach of contract claim premised on a breach of the confidentiality provision. (*See* Doc. 238 at 3; Doc. 315 at 23–24.) The Court heard oral argument on the motions on April 2, 2025, in which the Defendants' counsel reiterated the FAC failed to allege the breach of contract claim based on the confidentiality provisions. (*See* Doc. 329; Doc. 333 at 32:22–33:14.) The Court granted and denied summary judgment in part for both parties based on their respective motions. (*See generally* Doc. 332.) Relevant here, the Court denied summary judgment for USI that the Individual Defendants breached the confidentiality restrictive covenants because it was not pleaded in the FAC and not properly before the Court. (*See* Doc. 332 at 27 (noting that the Defendants did not separately move on the merits a breach of the confidentiality provision).)

USI now moves to amend its FAC, adding an allegation that "Havard, Engles, Purser, and Walsh also breached their obligations by, among other things, improperly using USI's confidential information for the benefit of Alliant, in violation of their agreements." (*See* Doc. 337-1 at 42 ¶ 93.) The Defendants oppose the amendment. (*See* Doc. 338.)

## II.   DISCUSSION

### A. Legal Standard

The parties first dispute what legal standard applies. Typically, Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." To that end, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up).

USI initially argues under the Rule 15 standard. (*See* Doc. 336 at 7–8.) But the Defendants disagree that standard is applicable. (*See* Doc. 338 at 3, 12.) The Defendants advance that where the district court has entered a scheduling order Federal Rule of Civil Procedure 16 standard controls a plaintiff's ability to amend its complaint. (*Id.* at 12 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).) USI

replies that the Rule 16 standard should not apply because the Defendants waited to attack the sufficiency of the pleadings until summary judgment and had it been raised earlier, USI would have had the opportunity to amend the FAC. (Doc. 342 at 2–3 (citing *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053 (9th Cir. 2023)).)

USI's reliance on *Jones* is misplaced. There, the Ninth Circuit found that the district court committed procedural errors after it, in deciding the plaintiff's motion for summary judgment on whether he had Article III standing, decided to *sua sponte* dismiss the plaintiff's claim for failing to adequately plead Article III standing, rather than addressing the parties' factual disputes. 74 F.4th at 1058–61. Here, the Defendants raised the issue, the Court did not do so *sua sponte*. Further, the Court did not dismiss the claim but rather found there was no claim for it to reach. Finally, and most importantly, *Jones* says nothing about the applicable standard.

USI cites *Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014) in which the Ninth Circuit reasoned that where plaintiffs failed to raise a claim properly in their pleading but raised it in their motion for summary judgment and in their opposition to the defendant's motion for summary judgment, the district court should have allowed incorporation of the claim by amendment under Rule 15(b) or construed the matter as raising a request to amend. 754 F.3d at 1154. More recent, however, the Ninth Circuit has made clear that once a district court issues a scheduling order and the amendment deadline has passed—which has occurred here[1]—Rule 16 governs the ability to amend a complaint. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *see also Johnson*, 975 F.2d at 608 (noting courts may construe a motion for leave to amend a complaint as a motion to amend the scheduling order). This Court has also consistently rejected applying *Desertrain* and the more liberal Rule 15(b) standard under similar circumstances. *Chaffin v. Centurion of Ariz.*, LLC, No. CV-22-02034-PHX-DWL (MTM), 2025 WL 522518, at *5 (D. Ariz. Feb. 18, 2025); *Williams v. Circle K Stores Inc.*, No. CV-19-01952-PHX-SMB, 2020 WL 5748132, at *3 (D. Ariz. Sept. 25, 2020), *aff'd*, No. 20-

---

[1] The Court entered its Case Management Order (the "CMO"), setting the deadline to amend pleadings for September 11, 2023. (Doc. 113 ¶ 3.)

- 5 -

16949, 2022 WL 229293 (9th Cir. Jan. 25, 2022); *CWT Canada II Ltd. P'ship v. Danzik*, No. CV16-0607 PHX DGC, 2019 WL 79001, at *5–6 (D. Ariz. Jan. 2, 2019). Absent contrary authority—which USI has not offered—the Court is bound to follow precedent and apply Rule 16.

Therefore, the Court will apply the Rule 16 standard but ultimately the issue is not dispositive. Under the Rule 16 standard, the party seeking to amend a pleading must first show "good cause." *Id.* at 608 (quoting Fed. R. Civ. P. 16(b)(4)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609 ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" (citation omitted)). The district court's focus remains on the movant's reasons for seeking a modification to the scheduling order, and thereby leave to amend a complaint, but the existence and degree of prejudice to the opposing party "might supply additional reasons to deny a motion." *Id.*

**B. Good Cause**

The Defendants argue that USI is unable to show good cause to warrant leave to amend because USI was not diligent in seeking an amendment after it became aware of the issue. (Doc. 338 at 12–16.) USI argues good cause exists because the Defendants' moved to dismiss the FAC for failing to allege sufficient facts to support a breach of the confidentiality restrictive covenants, not like the Original Complaint where the argument was that no breach claims was asserted all together. (Doc. 342 at 4–5.) According to USI, it operated under the belief that the FAC asserted breach of the confidentiality provisions and argues the Court should have provided it the opportunity to object or to seek leave to amend before the filing deadline passed. (*Id.* at 6–7.) Further, USI contends that the parties understood that misuse of confidential information remained a central issue in the FAC. (*Id.* at 2.)

Whether USI asserted a breach of contract claim premised on violating the confidentiality provisions has lingered in the ether of this litigation, with neither party tackling the issue head-on nor seeking further clarification from the Court. The Defendants

- 6 -

challenged the factual support for the purported breach in their Rule 12(b)(6) motion, rather than challenge existence of the claim premised on that breach in the first place. By the time the Court ruled on the motion to dismiss, the deadline for amendments had already passed. The Court did not raise the issue *sua sponte* at summary judgment. The Defendants reraised the pleading issue in their briefings, this time in relation to whether the claim exists under the FAC but did not separately move on the merits because they operated under the assumption there was no claim. (*See, e.g.*, Doc. 338 at 10 (explaining that they "did not seek summary judgment on any claim for breach of confidentiality covenant because USI failed to plead any such claim").)

Throughout this litigation, the Defendants have continued to conduct discovery to target evidence relevant to confidentiality violations, so to assume they were not aware that this issue lingered in the background contradict their conduct. Similarly, while USI could have sought leave to amend if it doubted the adequacy of the FAC, the Defendants did not squarely present the issue until summary judgment. The assumption that USI was aware of the inadequacy before summary judgment is contradicted by its efforts to amend the Original Complaint to address the deficiencies, its responses to the Defendants' discovery targeting evidence under the umbrella of USI's confidential information, the Defendants' framing of the issue as a matter of factual support for the breach in its Rule 12(b)(6) motion for the FAC, and its efforts in moving for summary judgment on the matter, albeit mistakenly.

As USI conveys, it "did not deploy a 'wait-and-see' approach or disregard 'red-flag warnings,' but fully expected to litigate the merits of its breach of confidentiality claim at summary judgement or trial." (Doc. 42 at 9; *see also* Doc. 333 at 53:22–54:12 (advancing arguments at oral argument on the summary judgment motions that are consistent with USI's understanding that it had adequately pleaded the issue). While USI primarily addresses the Rule 15 standard, the arguments cover its diligence in not seeking an amendment sooner. The Court never dismissed the claim to warrant USI seeking leave to amend prior to summary judgment. The deadline had already passed by the time USI had

reason to believe its pleading was deficient, rendering compliance with the deadline a matter of impossibility. In response to the Defendants raising the issue in their summary judgment briefings, USI appeared to have construed the issue narrowly to address Alliant's liability under the tortious interference with contract claim, not the Individual Defendants' liability under the breach of contract claim. (*See* Doc. 238 at 3, 28–29 (relating to the Defendants arguments about Alliant's measures to avoid improper use of confidential information and a tortious interference claim); Doc. 278 at 26–27 (responding to the Defendants argument pertaining to the tortious interference claim); Doc. 319 at 15 (replying without addressing the pleading of the direct breach of contract claim).) At the earliest, the Defendants' response to USI's motion for summary judgment presented the issue directly.

The Court may have been mistaken in not reaching the merits of the claim based on the parties' confusion about the existence of confidentiality-based breach in the first place, *see, e.g.*, *Jones*, 74 F.4th at 1059–61 (explaining judicial efficiency is best served by addressing the facts support summary judgment as opposed to deciding an issue on pleading technicalities), or in not inferring that USI intended to request an amendment to the FAC and incorporate the relevant amendment to reach the merits, *see, e.g.*, *Desertrain*, 754 F.3d at 1154. The pending Motion is not now the appropriate vehicle to reach the merits or reconsider what it has already decided. But the Court finds that USI has demonstrated good cause for leave to amend the FAC given the unique circumstances of this case. Given that USI established good cause, it also true that USI meets the more liberal Rule 15 standard.

The Defendants assert that it would be prejudiced by the amendment, arguing it would have engaged in more fulsome discovery and it will likely require reopening discovery and rescheduling trial. (Doc. 338 at 17.) No such request is before the Court and USI has presented the evidence as deduced through discovery it believes supports the merits of the claim in its summary judgment briefing. Additionally, because both parties appear to have operated from assumption that the claim existed prior to summary judgment

1  and the Court never dismissed such a claim, the Court finds leave to amend is warranted.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Leave to Amend First Amended Complaint (Doc. 336).

**IT IS FURTHER ORDERED** that Plaintiff shall file the Second Amended Complaint within seven days (7) of the date of this Order.

Dated this 24th day of June, 2025.

Honorable Susan M. Brnovich
United States District Judge